UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 19-10245-ADB |
| ) | |
| TONY JOHNSON, ) | |
| Defendant ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

On January 9, 2023, Tony Johnson plead guilty to Count One of a multi-count indictment charging him with conspiracy to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), as well as Count Six, charging him with possession with the intent to distribute heroin, in violation of Title 21, United States Code, Section 841(a)(1). For the reasons set forth below, the government recommends that the Court impose a sentence of 80 months in prison, to be followed by 4 years of supervised release.

**Factual Background**

From March to May 2019, agents with the Drug Enforcement Administration (DEA) obtained authorization to intercept wire and electronic communications of the two cellular telephones used by Edwin Otero—the violent leader of a heroin trafficking organization on Cape Cod. These interceptions revealed that Otero, in coded language, arranged to distribute and distributed heroin on a daily basis. As detailed in the PSR, investigators intercepted numerous calls between Otero and Johnson discussing the quality and quantity of heroin Otero had delivered or would deliver to Johnson. Over the course of the wiretap, these calls established that Johnson purchased at least 100-200 grams of heroin from Otero, which he then distributed to his own customers. At the time of Johnson's arrest, investigators also found approximately 30 grams of heroin in Johnson's residence.

**Guideline Calculation**

In their binding plea agreement pursuant to Rule 11(c)(1)(C), the parties agreed that if the Court finds the defendant is a career offender, his base offense level would be 34, but that if he was not a career offender, his base offense level would be 24 because at least 100 grams but less than 400 grams of heroin are attributable to Johnson. The parties further agreed that the offense level should be reduced by 3 levels pursuant to 3E1.1, for the defendant's prompt acceptance of responsibility. In the final PSR, Probation determined that Johnson is a career offender, and agreed with the base offense level of 34, minus 3 levels, for a total offense level of 31. With a career offender criminal history score of VI, Johnson's GSR is 188-235 months. Had Johnson not qualified as a career offender, he still would have earned a criminal history score of VI, but his guidelines would have been 77-96 months.

**Sentencing Recommendation**

As this Court is well aware, this 13-defendant case involves two tiers of defendants: those involved in violence in furtherance of their drug dealing, and those involved "only" in drug dealing. Johnson represents the last of the "drug only" defendants to be sentenced in this matter. Johnson is also the second "drug only" defendant who presents as a career offender: the other was Eric Brando.

Although the government recommended a variant sentence of 188 months for Brando (from his guidelines of 262-327), the Court imposed a sentence of 66 months. Brando's career offender status derived from two drug predicates: possession with intent to distribute heroin and cocaine, and trafficking in cocaine. Johnson's predicates, on the other hand, are both violent offenses, including two separate convictions for assault with a dangerous weapon, to wit, a firearm (one of which was originally charged as armed assault with intent to murder). Johnson also has

numerous other violent convictions on his record, including separate convictions for assault and battery on a police officer from 2016 and 2004, resisting arrest and carrying a dangerous weapon (to wit a knife) from 2009, and at least six separate assault and battery convictions or CWOFs between 2000 and 2008, including one in which he smashed a beer bottle over the victim's head. Johnson's disciplinary record from his various prison stays is also voluminous: he has amassed many infractions for offenses such as possessing shanks and assaulting other inmates.

Johnson's history of violent recidivism supports the need for a higher sentence than was necessary for Brando. Data from the U.S. Sentencing Commission establishes that career offenders with two violent predicates like Johnson demonstrate a recidivism rate of 69%, whereas those with two drug predicates like Brando,[1] show a recidivism rate of 54.4%. *See* Federal Sentencing of Career Offenders, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/backgrounders/RG-career-offender-rpt.pdf. A sentence of 80 months for Johnson appropriately reflects the need to provide specific deterrence for this repeat offender, and to protect the public from the defendant's future harms.

Johnson's conduct in this case should also earn him a higher sentence than Brando. Although the government was able to prove that both men purchased distribution-level quantities of heroin from Otero, the government was unable to attribute any particular drug weight to Brando. This stands in contrast to Johnson, who discussed at least one 100-gram transaction with Otero during the wiretap.

---

[1] To be sure, Brando's history also included serious incidents of violence—these just did not happen to count as his career offender predicates. *See* Gov't Sentencing Memo for Brando, Dkt. 381, at 6-7.

3

**Conclusion**

For the reasons set forth above, the government recommends a sentence of 80 months' imprisonment followed by 48 months of supervised release.

Dated May 13, 2023

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Lauren A. Graber*
Christopher Pohl
Lauren A. Graber
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 13, 2023.

*/s/ Lauren A. Graber*
Lauren A. Graber
Assistant U.S. Attorney